# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JESSICA N. R. RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20CV68 HEA |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff Andrea Jones for disability insurance benefits under Title II, 42 U.S.C. §§ 401-434. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

## Background

Plaintiff applied for supplemental social security income (SSI) on August 7,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2018.² A hearing was held on January 8, 2020, in front of an Administration Law Judge (ALJ). In an opinion issued on February 5, 2020, the ALJ determined that Plaintiff was not under a disability at any time from her alleged onset date of August 7, 2018. The ALJ found that Plaintiff worked after her alleged onset of disability, but her work activity did not rise to the level of substantial gainful activity. In her decision, the ALJ found Plaintiff had the severe impairments of abdominal hernia; a history of bowel resection; depression; anxiety; personality and impulse control disorders; and a history of amphetamine, alcohol and opioid use. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work lifting no more than 10 pounds as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations:

> …[Plaintiff] can never climb ladders, ropes, or scaffolds. [She] can never work at unprotected heights. She would need to wear an abdominal binder around her abdominal area. She is able to perform simple, routine and repetitive tasks; she is able to make simple work-related decisions. Can perform work which requires only occasional changes in the routine work

---

² Plaintiff also applied for a period of disability and disability insurance benefits under Title II, but her date last insured expired before her alleged onset date, so she cannot qualify for any type of benefits in this case other than SSI.

2

setting and is able to interact with supervisors frequently, with coworkers frequently, and is able to interact with the public occasionally.

Based on vocational expert testimony, the ALJ found Plaintiff could perform work such as a stuffer, lens inserter, and document preparer.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

### **Hearing Testimony**

Plaintiff, who was represented by counsel at her hearing before the ALJ, testified she was born on August 28, 1989, making her 30 years old at the time of the hearing. Plaintiff testified that she is married, but separated, and lives alone in an apartment on the first floor. She has two children (a seven and a ten-year-old), but she testified she does not have any contact with them. She testified that she has not had a valid driver's license since 2017 because of past due child support. Plaintiff has a GED. Plaintiff testified that her most recent job was working for IHOP Restaurant for three weeks from the end of June 2018 to the beginning of July. In 2008, she worked for Levering Regional Healthcare as a caregiver.

Plaintiff testified that her mental disabilities and social anxiety keeps her from working full-time today. She testified that she has flashbacks from past sexual abuse, she does not sleep well, she has seven severely painful migraines per

3

month and gets consistent pain down her right leg and in her abdomen area. Plaintiff testified her pain level in her feet, her stomach through pelvis area, her lower back and right side is an eight, on a scale between zero (no pain) and ten (the most excruciating pain the body is capable of experiencing). She had a car accident in February 2018 that led to getting forty percent of her bowel removed, including an abdominal hernia she needs to get surgery to resolve. As a result, she has issues with her bowel movements which causes a pain level of eight, and she either needs to go to the bathroom way too often (she may use the toilet as often as six times per day for 20 to 30 minutes each time), or not enough. She wears protective undergarments and an abdominal binder, which she testified is like a back brace, to help protect the hernia. She also has feet braces to help her walk.

 She testified she has a primary care doctor she sees for regular health issues and a specialist, Dr. Allie, with whom she treats for her hernia. She also goes to Dr. Djuric for behavioral health every three months and sees a therapist weekly. She also sees a counselor at a women's shelter weekly for her past sexual assault. As for medications, she takes Amantadine, Clonazepam, Tylenol, Fluoxetine, Prazosin, Lamotrigine, Baclofen, Tramadol, Omeprazole, Zolpidem, Naproxen Sodium and B12 injections, and experiences being tired, sick to her stomach and sometimes nervousness and dry mouth, as side effects.

 Plaintiff further testified that her memory is not very good, her concentration is medium, and she doesn't do well around crowds of people. She doesn't have

4

many friends or family other than her support system. She has not used alcohol since March 2019, amphetamines since April 2019 and opioids since May 2019.

As for her activities of daily living, Plaintiff testified she goes to bed between 8:00 p.m. and 9:30 p.m. and usually gets up between 7:00 a.m. and 9:30 a.m. She can do basic things to care for herself, like bathe and dress herself. She also brushes her teeth, combs her hair, and uses the toilet on her own. She prepares very simple meals, cleans her apartment, takes the trash out and does her own dishes and laundry. She can pick up approximately 5 pounds and walk about four minutes before she has tugging pain in her stomach. She can comfortably sit down for eight minutes and stand three to five minutes. She lays down approximately six out of eight hours in a regular day. She goes to the grocery store once a month with her mother. She has traveled more than 50 miles twice from her house since the onset of her disability. To pass the time of day, Plaintiff testified she reads, goes to church and support groups, and uses Facebook for approximately two hours a day. She goes to Narcotics Anonymous meetings regularly and sometimes goes to meetings at Alcohol Anonymous. At the time of the hearing, she testified she had been completely sober for seven months.

A Vocational Expert (VE) testified, and the ALJ posed the following hypothetical: an individual with the Plaintiff's same age, education, and performing work at a light exertional level, who can never climb ladders, ropes or scaffolds; never work at unprotected heights; limited to simple, routine tasks and work-

5

related decisions; can only have occasional changes in the routine work setting; and would need to wear an abdominal binder around her abdominal area while working. The VE testified that person could perform the following jobs: (1) an electrical assembler; (2) a housekeeper; and (3) a mail clerk.

A second hypothetical posed, assuming the same facts as the first, added that the individual can never be exposed to concentrated levels of vibrations; can work in up to a moderate noise level; can have frequent contact with supervisors and co-workers; and have occasional contact with the public. The VE testified that person could perform the same jobs as the first hypothetical.

A third hypothetical posed, assuming the same facts as the first two, added that the individual is limited to work at the sedentary exertional level. The VE testified that person could perform the following jobs: (1) a stuffer; (2) a lens inserter; and (3) a document preparer.

The ALJ's last hypothetical added that the individual would be absent two days per month. The VE said the Dictionary of Occupational Titles (DOT) does not address this, but based on the VE's experience, there are no jobs in the national economy that allow for that.

## **Legal Standard**

To be eligible for SSI under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).

6

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v.*

7

*Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision

merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Decision of the ALJ

At Step One of the decision, the ALJ found that Plaintiff had worked after the alleged disability onset date of August 7, 2018, but the work activity did not rise to the level of substantial gainful activity. At Step Two, the ALJ found that Plaintiff had the severe impairments of abdominal hernia, a history of bowel resection, depression, anxiety, personality and impulse control disorders, as well as a history of amphetamine, alcohol and opioid use. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, so the ALJ's analysis proceeded to Step Four. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed

9

impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the RFC to perform sedentary work, lifting no more than 10 pounds as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: Plaintiff can never climb ladders, ropes, or scaffolds. She can never work at unprotected heights. She would need to wear an abdominal binder around her abdominal area. She is able to perform simple, routine and repetitive tasks and is able to make simple work-related decisions. She can perform work which requires only occasional changes in the routine work setting and is able to interact with supervisors and coworkers frequently. She is also able to interact with the public occasionally.

At Step Four, the ALJ found Plaintiff did not have any past relevant work. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform, such as a stuffer, a lens inserter and a document preparer. Based on VE testimony, the ALJ found Plaintiff could perform work. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issues here are (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly

10

applied the pain standard based on Plaintiff's subjective complaints; and (3) whether the RFC is supported by substantial evidence and the medical evidence.

## Discussion

The ALJ carefully detailed her findings through her discussion of Plaintiff's impairments. As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

**Whether the ALJ properly evaluated the opinion evidence**

Plaintiff claims the ALJ failed to properly evaluate the opinion evidence and made independent medical findings and/or drew inferences from medical records relating to her abdominal injury. However, the ALJ properly identified the significance of Plaintiff's abdominal injury consistent with the medical evidence, including all opinions offered on Plaintiff's behalf. The ALJ took into consideration Plaintiff's limitations in the RFC by limiting Plaintiff to perform sedentary work, lifting no more than 10 pounds, and that she would need to wear an abdominal binder around her abdominal area. The ALJ found, based on the

11

records as a whole, these limitations could be remedied with surgery. In the ALJ's consideration, she found the opinions of general surgeons, Dr. Michael Bukstein and Dr. Emmanuel Bessay, persuasive. Plaintiff argues the ALJ improperly evaluated Dr. Bukstein's opinion, which is inconsistent with Dr. Bessay's, even though both opined Plaintiff should wear an abdominal binder and encouraged her to see a specialist for abdominal wall reconstruction surgery. Dr. Bukstein provided his opinion after several wound care visits with Plaintiff and observed healed scars and no abdominal tenderness during his last visit with her. Dr. Bessay examined Plaintiff, reviewed recent imaging studies, noted that Plaintiff's hernia was reducible and provided an opinion in the course of treatment. Dr. Bessay also instructed Plaintiff to avoid lifting anything over 10 pounds. In August 2018 and May 2019, other medical professionals also described Plaintiff's hernia as easily reducible. The ALJ noted these findings were well-supported by the medical evidence, and properly factored Dr. Bukstein's specialization and relationship with Plaintiff into the persuasiveness consideration.

In explaining her findings, the ALJ need only "minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson*, 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997). The ALJ did not improperly evaluate this opinion evidence when considering the record as a whole.

**Whether the ALJ properly applied the pain standard based on Plaintiff's subjective complaints**

Plaintiff contends the ALJ's reasoning for discrediting Plaintiff's testimony relating to her subjective complaints is deficient and lacks the support of substantial evidence. Plaintiff complained of disabling symptoms from mental impairments and pain, including an abdominal hernia, caused from her car accident in February 2018. The ALJ, however, did not merely reject Plaintiff's complaints of pain without an explanation. Rather, the ALJ analyzed the objective evidence in the record in reaching the conclusion that Plaintiff's complaints were not consistent with the medical evidence. The ALJ carefully detailed her findings through her discussion of the Plaintiff's daily activities, examination findings, testimony regarding her alleged symptoms and mental impairments, and treatment. The ALJ reviewed the medical evidence and recognized Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but explained her statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent because the allegations lack the support of the treating doctors and other records.

The ALJ thoroughly outlined Plaintiff's daily activities, such as personal care tasks, cooking small and simple meals, light household chores, going to the grocery store, attending church and support groups, engaging on social media via Facebook for two hours per day. Plaintiff disputes that she cooks simple meals, even though the ALJ specifically said at the hearing, "I am understanding you

13

prepare most if not all your own meals but they're very simple meals," which Plaintiff replied, "Correct, Your Honor." The ALJ properly determined her to be engaged in a somewhat normal level of daily activity that is inconsistent with Plaintiff's allegation of disability and the medical evidence.

The ALJ also highlighted Plaintiff's treatment after her February 2018 car accident when she had bowel resection surgery. On May 31, 2019, Plaintiff visited her primary care physician, and her abdominal sounds were normal, though she had tenderness on palpation. As outlined above, both Dr. Bukstein and Dr. Bessay encouraged her to see a specialist for abdominal wall reconstruction surgery and to wear an abdominal binder in the meantime. Plaintiff also testified she is supposed to get surgery for the hernia.

The ALJ pointed out that Plaintiff reported in October 2019 that she was focusing on exercising and eating, which does not support the degree of limitation alleged by the Plaintiff. When she visited Quincy Medical Group on November 5, 2019, she reported that she recently started working out. The ALJ explained that capacity for exercise is not mutually exclusive with the severity of these impairments; however, that capacity undermines her assertion that they cause more than minimal limitations of her work activity. The ALJ clearly provided good reasons supported by substantial evidence and properly applied the pain standard based on Plaintiff's subjective complaints.

In *Polaski*, the Eighth Circuit held, in evaluating a claimant's subjective complaints and related functional limitations, the ALJ should consider: the absence of objective medical evidence; the claimant's prior work record; and observations by third parties (including treating and examining physicians) regarding such matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factor; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit recognized "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes*, 275 F.3d at 724. If the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons, the Eighth Circuit has held it will defer to the ALJ's judgment, even if the ALJ does not cite to *Polaski* or discuss every factor in depth. *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

Here, the ALJ acknowledged that Plaintiff does have physical and mental impairments, which warrant some work restrictions. However, the ALJ's decision to discredit Plaintiff's subjective complaints was in conjunction with the record as a whole, which the ALJ adequately explained with good reasons supported by substantial evidence.

15

**Whether the RFC is supported by substantial evidence and the medical evidence**

Plaintiff seems to argue the RFC is not supported by the substantial evidence and medical evidence because the ALJ did not properly evaluate the number of breaks she would need based on her physical impairments and failed to take into consideration her mental impairments. As to the number of breaks Plaintiff testified that she would need, the ALJ explained the medical evidence did not support her testimony about the frequency of her needing to use the restroom for bowel movements. Specifically, the ALJ pointed to her treatment in May 2019 with her primary care physician and other treatment notes that indicate complaints of constipation, but none that documents any issues with excessive bowel movements. The ALJ also assessed Plaintiff's mental health limitations, finding that her medical records do not support her testimony. The ALJ outlined several medical appointments, including with her mental health professional, Dr. Djuric, and her social worker that found her within normal limits.

All the relevant evidence supports the ALJ's RFC determination. An ALJ's RFC finding is based on all of the record evidence, not solely the Plaintiff's testimony. See *Wildman,* 596 at 969. She examined the entire record, and her opinion is substantially supported by the evidence before her.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 6th day of July, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE